# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

UNITED STATES OF AMERICA,

            Plaintiff,    :    Case No. 2:20-cr-143
                                       Civil Case No. 2:23-cv-298

                                       District Judge Sarah D. Morrison
   -  vs  -                               Magistrate Judge Michael R. Merz

DIAMONDO VALDEZ BUTLER,

            Defendant.     :

## REPORT AND RECOMMENDATIONS

This case is before the Court on Defendant's Amended Motion to Vacate under 28 U.S.C. § 2255 (ECF No. 51). Defendant filed the Amended Motion July 27, 2023. The Government responded August 14, 2023 (ECF No. 55). Defendant filed no reply and his time to do so has expired. District Judge Morrison referred the Amended Motion to the undersigned on May 2, 2024 (ECF No. 56), and it is now ripe for decision.

**Litigation History**

Defendant was indicted by a grand jury of this District on August 25, 2020, and charged with nine counts of distribution of fentanyl (ECF No. 4). Count One added a specification that the death of D.M. resulted from use of the distributed fentanyl. On August 31, 2021, Defendant

1

entered into a Plea Agreement with the United States (ECF No. 30). Pursuant to the agreement, Defendant was to plead guilty to Count One including the death specification. The parties agreed on a sentence of fifteen years imprisonment, five year supervised release, a fine to be determined by the Court and a special assessment of $100. *Id.* at PageID 70. The change of plea hearing then took place on October 1, 2021 (ECF No. 32). After considering a Presentence Investigation Report from the Probation Department, Judge Morrison sentenced Defendant as had been agreed (ECF No. 41). Defendant took no appeal, but filed his original to vacate on the anniversary of the judgment, to wit, January 20, 2023 (ECF No. 43). Defendant then sought and was granted leave to amended, resulting in the pending Amended Motion.

Defendant claims he is actually innocent of the charge to which he pleaded guilty and that his plea was caused by ineffective assistance of trial counsel who failed to advise him that that Government would have had to prove at trial that Dustin May's use of the distributed fentanyl was the "but for" cause of his death (ECF No. 51, PageID 214). He reports that "the deceased was intoxicated and under the influence of at least four other drugs at the time of his death, including Gabapentin, Klonopin, Marijuana and ibuprofen" and there is a high probability these drugs contributed to the death of the victim. *Id.* at PageID 214-15. Defendant argues that these other drugs can be fatal and accuses defense counsel of ineffective assistance of trial counsel in not obtaining an additional autopsy.

The governing standard for ineffective assistance of counsel is found in *Strickland v. Washington*, 466 U.S. 668 (1984):

> A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction or death sentence has two components. First, the defendant must show that counsel's performance was deficient. This requires showing that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the

> deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.

466 U.S. at 687. In other words, to establish ineffective assistance, a defendant must show both deficient performance and prejudice. *Berghuis v. Thompkins,* 560 U.S. 370, 389 (2010), *citing Knowles v. Mirzayance,* 556 U.S.111 (2009).

With respect to the first prong of the *Strickland* test, the Supreme Court has commanded:

> Judicial scrutiny of counsel's performance must be highly deferential. . . . A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action "might be considered sound trial strategy."

466 U.S. at 689.

As to the second prong, the Supreme Court held:

> The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to overcome confidence in the outcome.

466 U.S. at 694. *See also Darden v. Wainwright*, 477 U.S. 168, 184 (1986), *citing Strickland, supra.*; *Wong v. Money,* 142 F.3d 313, 319 (6th Cir. 1998), *citing Strickland, supra*; *Blackburn v. Foltz*, 828 F.2d 1177, 1180 (6th Cir. 1987), *quoting Strickland,* 466 U.S. at 687. "The likelihood of a different result must be substantial, not just

3

> conceivable." *Storey v. Vasbinder*, 657 F.3d 372, 379 (6th Cir. 2011), *quoting Harrington v. Richter*, 562 U.S. 86, 111-12 (2011).
>
> In assessing prejudice under *Strickland*, the question is not whether a court can be certain counsel's performance had no effect on the outcome or whether it is possible a reasonable doubt might have been established if counsel acted differently. See *Wong v. Belmontes*, 558 U.S. 15, 27, 130 S. Ct. 383, 175 L. Ed. 2d 328 (2009) (per curiam); *Strickland*, 466 U.S., at 693, 104 S. Ct. 2052, 80 L. Ed. 2d 674. Instead, *Strickland* asks whether it is "reasonably likely" the result would have been different. Id., at 696, 104 S. Ct. 2052, 80 L. Ed. 2d 674. This does not require a showing that counsel's actions "more likely than not altered the outcome," but the difference between *Strickland's* prejudice standard and a more-probable-than-not standard is slight and matters "only in the rarest case." *Id*., at 693, 697, 104 S. Ct. 2052, 80 L. Ed. 2d 674. The likelihood of a different result must be substantial, not just conceivable. *Id*., at 693, 104 S. Ct. 2052, 80 L. Ed. 2d 674.
>
> *Harrington v. Richter*, 562 U.S. 86, 111-112 (2011).

In establishing prejudice, a petitioner "need not show that counsel's deficient conduct more likely than not altered the outcome of the case," but only, "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Williams v. Anderson,* 460 F.3d 789, 801-02, quoting *Strickland*, 466 U.S. at 687-88.

Counsel's performance is measured by "prevailing professional norms" at the time of the alleged errors. *Strickland, supra,* at 690; *Maryland v. Kulbicki*, 577 U.S. 1 (2015); *Rickman v. Bell*, 131 F.3d 1150, 1154 (6th Cir. 1997). *Kulbicki* rejects retrospective perfectionism regarding lawyer's conduct and notes the difference between finding forensic material in 1995 and 2015.

Defendant has failed to show his attorney's performance was deficient. He presents no authority holding that under circumstances such as these – uncontested presence of fentanyl from Defendant in the dead body of one purchaser and the live body of a co-purchaser of the same batch

4

– a reasonably prudent defense attorney would have sought another autopsy. There is no suggestion that the coroner here was somehow biased in performing the autopsy.

Defendant relies on *Burrage v. United States,* 571 U.S. 204 (2014). However, *Burrage* does not require proof of proximate causation. *United States v. Jeffries*, 958 F.3d 517, 520–21 (6th Cir. 2020). "But-for" causation does not mean sole causation. *United States v. Volkman*, 797 F.3d 377, 392 (6th Cir. 2015); *United States v. Spiva*, 2019 U.S. Dist. LEXIS 91112, at *13-14 (S.D. Ohio May 30, 2019)(Merz, M.J.)(adopted 2019 U.S. Dist. LEXIS 105265 (S.D. Ohio, June 24, 2019)(Rose, D.J.). In the Plea Agreement, Defendant admitted the fentanyl he sold to May and another person caused May's death and that admission is sufficient for conviction under *Burrage*.

Defendant has also not shown prejudice. What he received for his guilty plea was a sentence five years below that called for by the Sentencing Guidelines. If he had gone to trial and been convicted on Count One, a twenty-year sentence was the mandatory minimum even without conviction on any other counts. He does not contest the strength of the Government's proof on any of the counts.

In sum, Defendant has not shown he received ineffective assistance of trial counsel either in counsel's recommendation of the Plea Agreement or in counsel's failure to request another autopsy.

**Conclusion**

In accordance with the foregoing analysis, the Magistrate Judge respectfully recommends the Amended Motion be denied with prejudice. Because reasonable jurists would not disagree

5

with this conclusion, it is also recommended that Defendant be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

May 8, 2024.

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. #

s/ *Michael R. Merz*<br>United States Magistrate Judge